1  Jerry N. Budin                          Gregg A. Farley
   State Bar No. 88539                     State Bar No. 115593
2  Law Office of Jerry Budin               Law Offices of Gregg A. Farley
   2401 E. Orangeburg Ave.,                11755 Wilshire Blvd., Ste. 1300
3  Ste. 675-309                            Los Angeles, CA 90025
   Modesto, California 95355               Telephone: (310) 445-4024
4  Telephone: (209) 544-3030               Facsimile: (310) 445-4109
   Facsimile: (209) 544-3144
5
   Attorney for Plaintiffs,                Attorney for Plaintiffs,
6  FRANK LOPEZ, et al.                     JOSE CAMARENA, et al.

7  Houman Fakhimi
   State Bar No. 195638
8  Fakhimi & Associates
   3 Hutton Centre Dr. Suite 620
9  Santa Ana, CA 92707
   Telephone: (714) 542-2188
10 Facsimile: (714) 542-3119

11 Attorneys for Plaintiffs,
   JOSE CAMARENA, et al.

12

13                    UNITED STATES DISTRICT COURT

14                   EASTERN DISTRICT OF CALIFORNIA

15                          (Fresno Division)

16 FRANK LOPEZ, et al.,           )    CASE NO. 1:08-CV-0500 LJO SMS
                                  )
17           Plaintiffs,          )
                                  )
18 vs.                            )
                                  )
19 DANDEE TRANSPORTATION, et al.,)
                                  )
20           Defendants.          )
   _____)
21 JOSE CAMARENA, et al.,         )    CASE NO. 1:08-CV-0990 LJO SMS
                                  )
22           Plaintiffs,          )    ORDER ON MOTION
                                  )    FOR PRELIMINARY APPROVAL
23 vs.                            )    OF CLASS ACTION SETTLEMENT;
                                  )    ORDER CONSOLIDATING CASES
24 DANDEE TRANSPORTATION, et al.,)
                                  )    HEARING:  Dec. 3, 2009 at 8:15
25           Defendants.          )              Dept. 4 (LJO)
   _____)
26

27      Pursuant to plaintiffs' Notice Of Motion filed on July 23,

28 2009 (Doc. 47), the parties in these class actions have reached a

1  proposed settlement and seek preliminary approval of the
2  Stipulation Regarding Settlement Of Class Action (Doc. 56) and the
3  Notice of Proposed Class Action Settlement And Fairness Hearing
4  (Ex. 1) and the Claim Form/FLSA Consent Form (Ex. 2) attached
5  thereto. The Court finds the motion is suitable for decision
6  without oral argument pursuant to Local Rule 78-230(h). Having
7  considered the plaintiffs' Motion and supporting papers, the
8  Stipulation Regarding Settlement Of Class Action and the exhibits
9  attached thereto, the Court issues the following Orders:
10      1.   This Order incorporates by reference the definitions in
11 the Stipulation Regarding Settlement of Class Action
12 ("Stipulation") [Doc. 56] and all terms defined therein shall have
13 the same meaning in this Order as set forth therein.
14      2.   The Court hereby preliminarily approves the
15 Stipulation. The Court preliminarily finds that the Class members
16 are similarly situated and meet the requirements for class
17 certification under F.R.C.P. 23 and as a collective action under 29
18 U.S.C. §216(b). The Court further preliminarily finds that the
19 Stipulation appears to be within the range of reasonableness of a
20 settlement that could ultimately be given final approval by this
21 court. It appears to the Court that the Stipulation is fair,
22 adequate and reasonable as to all potential Class Members, when
23 balanced against the probable outcome of further litigation. It
24 further appears that counsel for the Parties at this time are
25 reasonably able to evaluate their respective positions. It further
26 appears to the Court that settlement at this time will avoid
27 substantial additional costs to all Parties, as well as the delay
28 and risks that would be presented by further prosecution of these

1  Actions. Additionally, it appears that the proposed Stipulation
2  was reached as a result of intensive, non-collusive, arms-length
3  negotiations.
4      3.   A hearing ("Fairness Hearing") shall be held before this
5  Court on **December 3, 2009 at 8:15 a.m.** in Courtroom 4 in the United
6  States District Court for the Eastern District of California,
7  located at 2500 Tulare Street, Fresno, California, to determine all
8  necessary matters concerning the settlement, including: (a) whether
9  the proposed settlement of the Actions on the terms and conditions
10 provided is fair, adequate, and reasonable, and should be finally
11 approved by the Court; (b) whether the cases should be dismissed
12 with prejudice pursuant to the terms of the settlement; (c) whether
13 the settlement should be approved as fair, adequate, and reasonable
14 to the Class Members; (d) whether the Court should finally approve
15 the amount of attorney fees and costs to be awarded Class Counsel,
16 Jerry Budin, Houman Fakhimi and Gregg Farley and (e) whether the
17 Court should approve the incentive awards to Class Representatives
18 Frank Lopez, David Palmer, Jose Camarena, Douglas Holmby and Rudy
19 Cordova.
20     4.   The Court hereby approves, as to form and content, the
21 proposed "Notice of Proposed Class Action Settlement and Fairness
22 Hearing" ("Notice;" attached as Exhibit 1 to the Stipulation (Doc.
23 56)) and the "Claim Form/FLSA Consent Form" (attached as Exhibit 2
24 to the Stipulation (Doc. 56)).  The Court finds that the
25 distribution of the Notice substantially in the manner and form set
26 forth in the Stipulation meets the requirement of due process under
27 Federal Rule of Civil Procedure 23(e) and 29 U.S.C. §216(b), that
28 such Notice is the best practicable under the circumstances and

shall constitute due and sufficient notice to all persons entitled thereto.

5. Any class member who wishes to receive a portion of the settlement fund must complete and submit a properly completed Claim Form, pursuant to the instructions for making a claim that are set forth in the Notice, so that it is postmarked no more than sixty (60) days after the date the Notices are mailed. Any class member who does not submit a Claim Form will not be entitled to any recovery, unless the parties agree to allow the late claim.

6. Any class member may choose to "opt-out" of and be excluded from the settlement as provided in the Notice by following the instructions for requesting exclusion from the Stipulation that are set forth in the Notice. All requests for exclusion must be submitted so that they are postmarked no more than thirty (30) days after the date the Notices are mailed. Any such person who chooses to "opt out" of and be excluded from the class will not be entitled to receive any proceeds from this settlement, and will not be bound by this settlement or have any right to object, appeal, or comment thereon.

7. Any class member who has not validly requested exclusion ("opt-out") from the class and the Stipulation may appear at the Fairness hearing and may object or express his/her views regarding the settlement, and may present evidence and file briefs or other papers, that may be proper and relevant to the issues to be heard and determined by the Court, as provided in the Notice. However, no class member or any other person shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless the person on or

before that day which is 30 days after the Notice is mailed has filed with the Clerk of this court, and mailed by first class postage to Class Counsel [Jerry Budin, Law Office of Jerry Budin, 2401 E. Orangeburg Ave., Modesto, CA 95355] and Defendant's Counsel [David A. Dixon of Dowling, Aaron & Keller, Inc., 5080 California Ave., Suite 200, Bakersfield, California 93309]: (i) a written statement advising if the individual plans to address the Court at the Fairness Hearing; (ii) a written statement of the individual's objections; and (iii) any other papers which the individual purposes to submit to the Court, including any legal briefs or memoranda.  Any such person who does not make an objection in the manner provided for in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the settlement.

    8.   In the event the Stipulation does not become effective in accordance with the terms of the Stipulation, or the Stipulation is not finally approved, or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Stipulation.

    9.   For purposes of effectuating this settlement, the Court preliminarily certifies the following Settlement Class:

> Settlement Class
>
> All persons who are now employed or have been employed by defendant DANDEE TRANSPORTATION in the State of California, who, on or after March 21, 2004 to the date of preliminary approval, have worked as a truck driver.

    10.  For purposes of effectuating this settlement, the Court hereby appoints Jerry Budin, Houman Fakhimi and Gregg Farley as

Class Counsel and Frank Lopez, David Palmer, Jose Camarena, Douglas Holmby and Rudy Cordova as Class Representatives.

11. These actions are consolidated for all purposes, the case of <u>Lopez v. DanDee</u>, Case No. 1:08-cv-0500 LJO SMS, shall be designated the lead case and all future pleadings in these consolidated actions shall be filed in the lead case.

Approved as to form and content:

Dated: August 17, 2009

```
                         /s/ David Dixon
                         David Dixon
                         Attorney for Defendant,
                         DANDEE TRANSPORTATION
```

<u>IT IS SO ORDERED.</u>

**Dated:   August 18, 2009              /s/ Lawrence J. O'Neill**
                                      UNITED STATES DISTRICT JUDGE